**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JAMES BUTTERSON and
TIMOTHY GALLIMORE,**

     **Plaintiffs,**

**v.**                          **CASE NO.:**

**TOTAL PROPERTY
MAINTENANCE &
LANDSCAPING II, LLC,**

     **Defendant.**
_____/

### <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiffs, JAMES BUTTERSON and TIMOTHY GALLIMORE, by and through undersigned counsel, bring this action against Defendant, TOTAL PROPERTY MAINTENANCE & LANDSCAPING II, LLC, and in support of their claims state as follows:

### <u>JURISDICTION AND VENUE</u>

1.     This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981").

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 <u>et</u> <u>seq.</u>

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Seminole County, Florida.

## PARTIES

4.     Plaintiff Butterson is a resident of Orange County, Florida, and worked for Defendant in Seminole County, Florida.

5.     Plaintiff Gallimore is a resident of Orange County, Florida, and worked for Defendant in Seminole County, Florida.

6.     Defendant operates a property maintenance company in Sanford, in Seminole County, Florida.

## GENERAL ALLEGATIONS

7.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

8.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

9.     Plaintiffs request a jury trial for all issues so triable.

10.    Plaintiffs are a member of a protected class of persons under Section 1981.

11.    Plaintiffs are employees whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

12.    Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

2

13. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiffs' protected rights under Section 1981.

**FACTS**

14. Plaintiffs are two white man who are married to black women. Plaintiff Butterson has black children. Plaintiff Gallimore has black stepchildren.

15. Plaintiffs began working for Defendant as irrigation workers in July 2024, and they worked in this capacity until September 2024.

16. Plaintiffs performed the duties of their positions with Defendant in a satisfactory manner.

17. On September 9, 2024, a new supervisor started his employment with Defendant.

18. On September 12, 2024, the supervisor repeatedly called Plaintiff Gallimore a "cracker" in front of Plaintiff Butterson.

19. Plaintiff Gallimore complained about the comment and asked if the supervisor knew where the term came from.

20. The supervisor responded "It's from the slave owners who whipped the slaves when they deserved it because their own people sold them. Enough time has gone by. It's time to move on. They sold each other into slavery." The supervisor then said "nigger" several times.

21. Plaintiffs complained and told the supervisor that their wives, children, and stepchildren were black.

3

22. The supervisor responded to Plaintiffs "They did it to themselves." He then "nigger" several more times and stated "See, I can say it."

23. On or about September 12, 2024, Plaintiffs complained to Defendant about the discrimination that they were suffering at work.

24. Specifically, Plaintiffs complained about the supervisor's comments to Defendant's management.

25. After Plaintiffs complained to Defendant about the discrimination that he was suffering at work, Defendant took no remedial action.

26. Instead, on September 13, 2024, just one day after Plaintiffs complained about Defendant's discrimination, Defendant retaliated against Plaintiffs by terminating their employment.

### COUNT I –42 U.S.C. § 1981 VIOLATION (RACE DISCRIMINATION)

27. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiffs are members of a protected class of persons under Section 1981.

29. Plaintiffs were subjected to disparate treatment by Defendant, based solely on Plaintiffs' race and association with persons of a certain race.

30. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

31. Defendant's actions were willful and done with malice.

4

32. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

33. Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiffs demand:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiffs to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

34.    Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

35.    Plaintiffs are members of a protected class of persons under Section 1981.

36.    By complaining about the discrimination they experienced, Plaintiffs engaged in protected activity under Section 1981.

37.    Defendant retaliated against Plaintiffs for engaging in protected activity under Section 1981 by terminating Plaintiffs' employment.

38.    Defendant's actions were willful and done with malice.

39.    Defendant's retaliation was based solely on Plaintiffs' exercise of their right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

40.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiffs, Plaintiffs have suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

41.    Plaintiffs were injured due to Defendant's violations of Section 1981, for which Plaintiffs are entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

6

(a)   A jury trial on all issues so triable;

(b)   That process issue and that this Court take jurisdiction over the case;

(c)   Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiffs were unlawfully deprived;

(d)   Compensatory damages, including emotional distress, allowable at law;

(e)   Punitive damages;

(f)   Reinstatement of Plaintiffs to a position comparable to his prior position, or in the alternative, front pay;

(g)   Prejudgment interest on all monetary recovery obtained;

(h)   All costs and attorney's fees incurred in prosecuting these claims; and

(i)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

7

Dated this 20th day of February, 2025.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar No.: 0053643
Direct Dial: (813) 379-2565
**SAWYER N. FRESCOLN**
Florida Bar No. 1034987
Direct Dial:  (813) 337-7993
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: sfrescoln@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**